## MOOK v. WEAVER BROS., Inc., et al.
### No. 5531.

Court of Appeals of the District of Columbia.
Argued June 2, 1932.
Decided June 27, 1932.

James A. O'Shea, John H. Burnett, and Alfred Goldstein, all of Washington, D. C., for appellant.

Paul E. Lesh and Arthur G. Nichols, Jr., both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and HITZ and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from a judgment entered on the pleadings.

The appellant, Kurt L. Mook, as plaintiff below, filed an amended declaration setting out that he was the lessee under a duly executed lease of a certain storeroom in a building situate in the District of Columbia, for a term of four years beginning with January 15, 1928, and conducted therein a delicatessen store, for the sale of canned and fresh vegetables, fruits, salads, fish, milk, bread, baked and boiled meats, bottled delicacies, and various similar articles such as are commonly sold in a delicatessen store; that there were three other storerooms in the same premises, and it was stipulated in plaintiff's lease that no sandwich shop, res-

taurant, drug store, delicatessen store, or soda fountain should be permitted by the landlord in any of the three other storerooms during the period of plaintiff's lease; that, notwithstanding its duty to observe this prohibition, the defendant, as irrevocably appointed rental agent for the premises, leased two of the remaining storerooms to the Great Atlantic & Pacific Tea Company, and placed them in possession as tenants thereof; that this company, while not conducting or operating a business known as, and called, a delicatessen store, nevertheless dealt in goods, wares, and merchandise similar to such as plaintiff dealt in, and moreover was a cut-price store selling such goods at lower prices than those of plaintiff; that plaintiff thereby had suffered a loss of trade and profits, and would continue to do so during the residue of his term, all by reason of defendant's violation of the covenant contained in plaintiff's lease. Plaintiff accordingly claimed damages in a stated sum therefor.

A demurrer to the declaration was filed by the defendant, upon a claim that it was bad in substance, and did not set out a cause of action against the defendant.

The lower court sustained the demurrer, and, inasmuch as the plaintiff did not seek to amend the declaration, the cause was dismissed.

We think the ruling of the lower court was right. The sole charge made against the landlord is that he violated the stipulation forbidding him to let any of the other rooms in the building for a delicatessen store. The plaintiff, however, does not allege that the landlord actually leased any of the rooms for a delicatessen store, but simply claims that the tenant in the other rooms dealt in articles similar to such as are sold in delicatessen stores. This allegation, however, is not sufficient to charge a breach of the covenant as written in the lease, for it leaves open the implication that the stores differed in some substantial particulars, otherwise the same name would have applied to them. This implication follows particularly from the plaintiff's statement in the declaration that the new store was not a business known as, or called, a delicatessen store, consequently it must be assumed that there was such a difference as removed it from that classification. The declaration therefore fails to charge a violation by defendant of the restrictive covenant in plaintiff's lease, which forbade leasing to a delicatessen store.

This view makes it unnecessary for us to discuss the various interlocutory questions which arose in the case.

The judgment of the lower court is affirmed with costs.

Affirmed.